IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ALLEN NEWTON, | ) | No. CV-F-96-6366 EDP/OWW |
| | ) | (No. CR-F-94-5036 EDP/OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO RE-OPEN SECTION |
| vs. | ) | 2255 MOTION PURSUANT TO RULE |
| | ) | 60(b)(4), FEDERAL RULES OF |
| | ) | CIVIL PROCEDURE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

On February 7, 2008, Petitioner John Allen Newton, proceeding *in pro per*, filed a "Motion to Reopen a 28 United States Code § 2255 Via Federal Rule Civil Procedure 60(b)(4) For the sole purpose ... To obtain a vactur [sic] of a judgment enter without 'Subject-Matter' jurisdiction."

A.  Background.

Petitioner was convicted by jury trial of two counts of carjacking in violation of 18 U.S.C. § 2119, two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm in

1

violation of 18 U.S.C. § 922.  Petitioner was sentenced on September 26, 1994 to a total of 465 months incarceration.  Petitioner filed an appeal to the Ninth Circuit.  In *United States v. Newton*, 65 F.3d 810 (9th Cir.1995), *cert. denied,* 516 U.S. 1137 (1996) the Ninth Circuit affirmed Petitioner's convictions, specifically rejecting Petitioner's contention that the 1979 Chevrolet Caprice belonging to Tyrone Williams that Petitioner was convicted of carjacking in Count III did not have the requisite nexus with interstate commerce:

> Section 2119 is unusually plain.  By its terms, all it requires by way of interstate nexus is a single interstate crossing ... The statute does not require any examination of the purpose or extent of the interstate connection.  So long as the vehicle at least once crossed state boundaries in interstate commerce, § 2119 is satisfied.
>
> The stolen 1979 Chevrolet in this case twice passed from California to other states.  Both times it did so in interstate commerce, notwithstanding the fact that the purpose of the trips may have been recreational rather than purely commercial ... Viewing the evidence in a light most favorable to the prosecution ..., we conclude that the government proved the essential elements of the crime charge in Count II [sic] beyond a reasonable doubt.

65 F.3d at 811-812.

   Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on December 17, 1996.  Petitioner's Section 2255 motion was denied by Order filed on January 30, 1997.  A certificate of appealability was denied by the District Court on July 22, 1997 and by the Ninth Circuit on

1 | **November 11, 1997.**
2 | **B.  Motion to Reopen.**
3 | **Petitioner's motion to reopen the Section 2255 motion is**
4 | **based on Rule 60(b)(4), Federal Rules of Civil Procedure:**
5 | **On motion and just terms, the court may**
   | **relieve a party from a final judgment, order,**
6 | **or proceeding for the following reasons:**
7 | **...**
8 | **(4) the judgment is void;**
9 | **A motion based on Rule 60(b)(4) may be brought at any time and**
10 | **the doctrine of laches does not apply.**  *In re Center Wholesale,*
11 | *Inc.*, **759 F.2d 1440, 1447-1448 (9th Cir.1985).  "A judgment is**
12 | **not void merely because it is erroneous.  It is void only if the**
13 | **court that rendered judgment lacked jurisdiction over the subject**
14 | **matter, or of the parties, or if the court acted in a manner**
15 | **inconsistent with due process of law.**  *Id.* **at 1448.**
16 | **Petitioner asserts that the Section 2255 motion must be**
17 | **reopened with regard to his convictions of Counts 3 and 4 because**
18 | **"[r]ecent dicta and holdings by The United States Supreme Court**
19 | **Cite: United States v. Jones 143 L.Ed. 2d 311 has defined the**
20 | **statutory issues of 18 USC § 2119 Carjacking ... that defines**
21 | **Count '3' as not a federal crime or offense under the carjacking**
22 | **statute ...... wherefore; <u>counts '3' and '4'</u> must be vacated on**
23 | **this valid 'Actual Innocence Claim."  Petitioner contends that**
24 | **the car identified in Count 3 was never transported, shipped, or**
25 | **received by anyone in interstate commerce:**
26 | **The government presented false testimony to**

> the petit jury and to the Honorable Court in violation of 'Due Process,' that the automobile identified in (<u>Count Three</u>) was even carjacked .... Not true, as the automobile in question was never taken or possed [sic] by Mr. John Allen Newton also this car: one 1979 Chevrolet Caprice, California license number 761 WMY ..... and was never transported, shipped, nor received by anyone to affect commerce as defined by Congress.

Petitioner refers to the affidavits of Kinney Bievens, Annette Thomas, and Yolanda Bievens-Newton, all executed in October 1996. These affidavits essentially aver that Petitioner did not commit the crime of carjacking because he was with family members at the time of the carjacking and Tina Roles lied to the authorities when she reported that Petitioner had carjacked a car.

Petitioner's motion to reopen is DENIED.  Petitioner's claim of actual innocence, i.e., that he did not carjack Williams' 1979 Chevrolet Caprice, does not render the denial of his Section 2255 motion void within the meaning of Rule 60(b)(4).  Petitioner's assertion that he was denied due process because of the ineffective assistance of defense counsel and knowing use of perjured testimony by the prosecutor does not establish that the denial of his Section 2255 motion was a violation of due process; Petitioner's claims relate to the validity of his *criminal conviction*.  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).[1]

---

[1] **Petitioner's obscure reference to *Jones v. United States*, 526 U.S. 227 (1999), does support relief pursuant to Rule 60(b)(4). *Jones* is not retroactive to cases on collateral review.  *See Sustache-Rivera v. United States*, 221 F.3d 8, 14 (1st Cir.2000), *cert. denied*, 532 U.S. 924 (2001); *Resto-Diaz v. United States*, 182 F.Supp.2d 197, 208 (D.Puerto Rico 2002); *Rodriquez Rodriguez v.***

1    Petitioner, citing *United States v. Lopez*, 514 U.S. 549
2    (1995), reiterates the argument rejected on appeal that 18 U.S.C.
3    § 2119 "cannot regulate the mere non-commercial use of property."
4    However, in *United States v. Morgan*, 238 F.3d 1180, 1186 & n. 2
5    (9th Cir.2001), relied on *Newton* in holding that sufficient
6    evidence was presented in *Morgan* to establish the requisite nexus
7    with interstate commerce and specifically noted:

> Defendant also argues that *Newton* no longer
> is good law following the Supreme Court's
> decision in *United States v. Lopez*, 514 U.S.
> 549 ... (1995). But *Newton* post-dates *Lopez*.
> So does *Oliver*, which reaffirmed the
> constitutionality of 18 U.S.C. § 2119 in the
> light of *Lopez*. *Oliver*, 60 F.3d at 550.

Petitioner is merely rearguing an issue already rejected by the
Ninth Circuit on appeal.  Because the Ninth Circuit has already
found the requisite jurisdictional nexus for the carjacking of
the 1979 Chevrolet Caprice, Petitioner's arguments to the
contrary are of no avail.

   Petitioner further argues that Counts 2 and 4, charging him
with use of a firearm during a crime of violence, "clearly
specify simple possession of a Norinco 9mm semi-automatic
handgun" and that "these specified acts of simple possession do
not fit the criteria under that Title 18 USC § 924(c)."

   Petitioner relies on *Bailey v. United States*, 516 U.S. 137
(1995).  *Bailey* holds that a conviction under Section 924(c) for
"use" of a firearm during a crime of violence requires evidence

---

*United States,* 130 F.Supp.2d 313, 316 (D.Puerto Rico 2000).

5

1  sufficient to show active employment of the firearm by the
2  defendant.  *Bailey* is retroactively applicable to criminal
3  convictions that have become final.  *Bousley v. United States*,
4  523 U.S. 614, 619-621 (1998).
5       Petitioner's motion is DENIED.  His contention is without
6  merit.  Counts 2 and 4 charged that Petitioner "did use or carry
7  a firearm, to wit a Norinco 9 mm semi-automatic handgun" during
8  and in relation to the carjackings charged in Counts 1 and 3 in
9  violation of Section 924(c).  Count 5 charged that Petitioner, a
10 felon, "did knowingly possess firearms, to wit, a Norinco 9mm
11 handgun, and a Norinco MAK-90 Sporter rifle" in violation of
12 Section 922(g)(1).  Contrary to Petitioner's assertion, he was
13 not charged with simple possession of a firearm in Counts 1 and
14 3.  Further, evidence at trial established that Petitioner
15 carjacked the vehicles at gunpoint, i..e., that he used the
16 firearms to effect the carjackings.

## CONCLUSION

18      For the reasons stated:
19      1.  Petitioner's "Motion to Reopen a 28 United States Code §
20 2255 Via Federal Rule Civil Procedure 60(b)(4) For the sole
21 purpose ... To obtain a vactur [sic] of a judgment enter without
22 'Subject-Matter' jurisdiction" is DENIED.
23      IT IS SO ORDERED.
24 **Dated:   May 23, 2008**                /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE