IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ALLEN NEWTON, | ) | No. CV-F-96-6366 EDP/OWW |
| | ) | (No. CR-F-94-5036 EDP/OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELEASE ON HIS |
| vs. | ) | OWN RECOGNIZANCE WITHOUT |
| | ) | SURETY |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner John Allen Newton, proceeding *in pro per*, has filed a motion for release on his own recognizance without surety pursuant to Rule 23, Federal Rules of Appellate Procedure.

Petitioner was convicted by jury trial of two counts of carjacking in violation of 18 U.S.C. § 2119, two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922. Petitioner was sentenced on September 26, 1994 to a total of 465 months incarceration. Petitioner filed an appeal to the Ninth Circuit. In *United*

1  *States v. Newton*, 65 F.3d 810 (9th Cir.1995), *cert. denied,* 516
2  U.S. 1137 (1996) the Ninth Circuit affirmed Petitioner's
3  convictions.
4     Petitioner filed a motion to vacate, set aside or correct
5  sentence pursuant to 28 U.S.C. § 2255 on December 17, 1996.
6  Petitioner's Section 2255 motion was denied by Order filed on
7  January 30, 1997.  A certificate of appealability was denied by
8  the District Court on July 22, 1997 and by the Ninth Circuit on
9  November 11, 1997.
10     On February 7, 2008, Petitioner John Allen Newton,
11 proceeding *in pro per*, filed a "Motion to Reopen a 28 United
12 States Code § 2255 Via Federal Rule Civil Procedure 60(b)(4) For
13 the sole purpose ... To obtain a vactur [sic] of a judgment enter
14 without 'Subject-Matter' jurisdiction."  Petitioner's motion to
15 re-open the Section 2255 motion pursuant to Rule 60(b)(4)
16 contended that the car identified in Counts 3 and 4 of the
17 Indictment was never transported, shipped, or received by anyone
18 in interstate commerce; that affidavits executed in October 1996
19 establish Petitioner's actual innocence of carjacking; and that
20 Counts 2 and 4 charging him with use of a firearm during a crime
21 of violence, specify simple possession of the weapon, which does
22 not fit the elements of 18 U.S.C. § 924(c).  Petitioner's motion
23 to re-open was denied on the merits by Order filed on May 26,
24 2008.
25     On November 26, 2008, Petitioner filed a motion to
26 reconsider the May 26, 2008 Order pursuant to Rule 60(b)(4) and

(6).  Petitioner's motion to reconsider, which asserts numerous claims not previously presented to the Court in his motion to re-open, is currently under review by the Court.

Petitioner's motion for release from imprisonment pursuant to Rule 23, Federal Rules of Appellate Procedure, is DENIED.  A federal prisoner who is collaterally attacking his criminal conviction is entitled to release only if the prisoner demonstrates that his is an extraordinary case involving special or exceptional circumstances or presenting a high probability of success.  *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir.1994).[1]

Petitioner contends that he is not a flight risk or a danger to the community.  Even if these facts were demonstrated, they are not extraordinary circumstances warranting release from custody pending resolution of Petitioner's motion for reconsideration.

Petitioner argues that his motion for reconsideration demonstrates a high probability of success that his conviction will be overturned.  Even if Petitioner's motion for reconsideration raises substantial questions, Petitioner is not entitled to release.  This is because of the procedural posture of this case.  Petitioner has previously filed a Section 2255 motion, which was denied on the merits many years ago.

---

[1] The Ninth Circuit has not decided whether Rule 23 permits the release of a prisoner pending a decision on the merits of the collateral attack*.  See In re Roe,* 257 F.3d 1077 (9th Cir.2001).

3

Petitioner's motion to re-open and his motion for reconsideration are likely to be an attempt to obtain Section 2255 relief without first obtaining leave of the Ninth Circuit to file a second or successive motion.  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). If the Court concludes that Petitioner is using the vehicle of Rule 60(b) to avoid the prerequisite to the filing of a second or successive Section 2255 motion, this Court lacks jurisdiction to consider the merits of Petitioner's present claims.

For the reasons stated:

1. Petitioner John Allen Newton's motion for release on his own recognizance without surety pursuant to Rule 23, Federal Rules of Appellate Procedure is DENIED.

IT IS SO ORDERED.

**Dated:   December 3, 2008**              /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE