1

2

3

4

5

6        **IN THE UNITED STATES DISTRICT COURT FOR THE**

7            **EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| 9  **JOHN ALLEN NEWTON,**                 ) | **No. CV-F-96-6366 EDP/OWW** |
| 10                            ) | **(No. CR-F-94-5036 EDP/OWW)** |

**JOHN ALLEN NEWTON,**          )    **No. CV-F-96-6366 EDP/OWW**
                          )    **(No. CR-F-94-5036 EDP/OWW)**
                          )
                          )    **MEMORANDUM DECISION AND**
        **Petitioner,**   )    **ORDER DENYING PETITIONER'S**
                          )    **MOTION FOR RECONSIDERATION**
      **vs.**              )    **OF ORDER DENYING**
                          )    **PETITIONER'S MOTION TO RE-**
                          )    **OPEN SECTION 2255 MOTION**
**UNITED STATES OF AMERICA,**   )
                          )
           **Respondent.**   )
_____)

On February 7, 2008, Petitioner John Allen Newton,
proceeding *in pro per*, filed a "Motion to Reopen a 28 United
States Code § 2255 Via Federal Rule Civil Procedure 60(b)(4) For
the sole purpose ... To obtain a vactur [sic] of a judgment enter
without 'Subject-Matter' jurisdiction." By Memorandum Decision
and Order filed on May 26, 2008, Petitioner John Allen Newton's
motion to re-open his motion to vacate, set aside or correct
sentence pursuant to 28 U.S.C. § 2255 was denied.

On November 26, 2008, Petitioner filed a motion to
reconsider the May 26, 2008 Order.

A.   **Background**.

Petitioner was convicted by jury trial of two counts of carjacking in violation of 18 U.S.C. § 2119, two counts of use of a firearm (a Norinco 9mm semi-automatic handgun) during a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm (a Norinco 9mm handgun and a Norinco MAK-90 Sporter rifle) in violation of 18 U.S.C. § 922(g).  Petitioner was sentenced by Judge Edward Dean Price on September 26, 1994 to a total of 465 months incarceration (165 months on Counts One, Three and Five, to be served concurrently; 60 months on Count Two to be served consecutively to Counts One, Three and Five; 240 months on Count Four, to be served consecutively to Counts One, Two, Three and Four).  Petitioner appealed to the Ninth Circuit.  In *United States v. Newton*, 65 F.3d 810 (9th Cir.1995), *cert. denied,* 516 U.S. 1137 (1996) the Ninth Circuit affirmed Petitioner's convictions, specifically rejecting Petitioner's contention that the 1979 Chevrolet Caprice belonging to Tyrone Williams that Petitioner was convicted of carjacking in Count III did not have the requisite nexus with interstate commerce:

> Section 2119 is unusually plain.  By its terms, all it requires by way of interstate nexus is a single interstate crossing ... The statute does not require any examination of the purpose or extent of the interstate connection.  So long as the vehicle at least once crossed state boundaries in interstate commerce, § 2119 is satisfied.
>
> The stolen 1979 Chevrolet in this case twice passed from California to other states.  Both

times it did so in interstate commerce, notwithstanding the fact that the purpose of the trips may have been recreational rather than purely commercial ... Viewing the evidence in a light most favorable to the prosecution ..., we conclude that the government proved the essential elements of the crime charged in Count II [sic] beyond a reasonable doubt.

**65 F.3d at 811-812.**

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on December 17, 1996, asserting newly discovered evidence and ineffective assistance of counsel based on counsel's failure to call certain family witnesses at trial and failure to file a motion to suppress. Petitioner's Section 2255 motion was denied by Order filed on January 30, 1997.  A certificate of appealability was denied by the District Court on July 22, 1997 and by the Ninth Circuit on November 11, 1997.

Petitioner's motion to re-open the Section 2255 motion pursuant to Rule 60(b)(4) contended that the car identified in Counts 3 and 4 of the Indictment was never transported, shipped, or received by anyone in interstate commerce; that affidavits executed in October 1996 establish Petitioner's actual innocence of carjacking; and that Counts 2 and 4 charging him with use of a firearm during a crime of violence, specify simple possession of the weapon, which does not fit the elements of 18 U.S.C. § 924(c).  Petitioner's motion to re-open was denied on the merits by the May 26, 2008 Order.

B.  <u>Motion for Reconsideration</u>.

3

Petitioner's motion for reconsideration is brought pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure.  Petitioner's motion for reconsideration asserts the following grounds for relief:

> A.  The Indictment did not set forth every element of the offense necessary to convict as required by the Notice and Speedy Trial Guarantees of the Fifth and Sixth Amendment as required by the Supreme Court's Decision of Apprendi vs. State of New Jersey, 530 U.S. 466 ... (2000), where:

> (i) Count One & Count Three of the Indictment charging carjacking in violation of 18 USC 2119 & 2119(2) and 18 USC 1365(g)(3) did not set forth the name of the corpus delecti [sic] (person) through force, violence, or intimidation resulting in serious bodily injury who Petitioner-Defendant John Allen Newton is alleged to have taken the motor vehicle from; or who he is alleged to have injured through force, violence, and intimidation with serious bodily injury, or what the serious violent injury was, which were elements of the offense that must be charged in the indictment, proven to the jury and submitted to the jury for its verdict;

> (ii) The Numbered subsections were not charged in Count Three as required by 18 USC 2119(1-3) which are elements of the offense that must be charged in the indictment, proven to the jury, and submitted to the jury for its verdict, in order to give the trial court subject matter jurisdiction as required by the new rule of law announced by the Supreme Court interpreting the statutory elements as set forth by Jones vs. U.S., 526 227 (1999);

> (iii) The New Rule of Law announced in Dewey Jones vs. United States, 529 U.S. 848 ... (2000), limiting interstate commerce connections to the property used in interstate commerce at the time of the crime, and not to private property not used in

4

interstate commerce at the time of the crime,
requires reversal of Petitioner's conviction
and sentences, specifically adopting the car
case of U.S. v. Mulholland, 607 F.2d 1311,
1316 (10th Cir.1979), and citing Nathaniel
Jones, supra, 526 U.S. 227 (1999), due to his
actual and factual innocence; the Supreme
Court rejected the proposition that
Interstate Commerce Nexus could be
established by 'supplies that have moved in
interstate commerce, served by utilities that
have a connection, financed or insured by
enterprises that do business across state
lines, or bears some other trace of
interstate commerce, citing FERC vs.
MISSISSIPPI, 456 U.S. 742, 757 ....
(1982)(Rejecting that electrical energy is
consumed in virtually every home and could be
used to establish interstate commerce nexus)
as the U.S. Government proposed).

(iv) Because Count three did not
charge the numbered subsections - which
according to the Supreme Court constitute
separate offenses pursuant to the Nathaniel
Jones Decision - 18 USC 924(c)(1) as charged
in Count Four must be vacated because it was
not joined to either Subsection One, Two Or
[sic] Three of 18 USC 2119 as required by the
Supreme Court's decision.  Moreover, Count
Two must be vacated where 18 USC 924(c)(1)
was joined to a duplicitous count with three
offenses; U.S. v. Atcheson, 94 F.3d 1237 (9th
Cir.1997); These three offenses being: 18 USC
2119; 2119(2) & 1365(g)(3), all which contain
their own sentencing provisions.  Also, it
should be specifically noted that 18 USC
1365(g)(3) - as set forth in the Indictment
does not even exist, so it is now impossible
to determine which offense the grand jury
joined the 18 USC 924(c)(1) offense to; and,
which offense the Petit Jury convicted the
Defendant-Petitioner of: 18 USC 1365(g)(3)
[Which does not exist]; 18 USC 2119 [a lesser
included of 2119(1, 2, Or [sic] 3); and/or
2119(2) ... Perhaps the petit jury convicted
Petitioner-Defendant of all three offense
[sic] in Count One.  Assuming arguendo, that
the government who crafted the Indictment was
referring to some other provision of law, it
would be ex post facto and clearly a

5

violation of jurisdiction because it was not in effect at the time of Petitioner's Offense on January 22, 1994.

(v) Defendant is not a convicted felon and therefore is actually and factually inocent [sic] of 18 USC 922(g)(1) because his civil rights were automatically restored by operation of the Louisiana State Constitution upon his release from imprisonment and completion of probation, thereafter.  See U.S. vs. DuPaquier, 74 F.3d 615, 619 (5th Cir.1996)(Holding that the Louisiana Constitution fully and completely restores all civil rights upon completion of any sentence or parole).  Because the Defendant was sentenced to 165 months under the armed career criminal act, and because he does not have the three predicate offenses under 18 USC 924(e)(1) - an offense for which he was not even indicted by the grand jury for (he should have been sentenced under 18 USC 924(a)(1), if at all) - he is actually and factually innocent of the offense even if it could be argued [arguendo] that Petitioner's civil rights were not restored.  There are three sentencing provisions for which Petitioner could have been sentenced for violation of 18 USC 922(g)(1): 18 USC 924(a)(1), 924(a)(2), and 924(e)(1). However, it would seem that someone just picked a sentencing provision out of the air for this particular Defendant.  Moreover, the Petitioner was given a two point-level enhancement for both 18 USC 922(g)(1) and 924(c)(1) which has never been corrected properly by the Court where Petitioner has two 924(c)(1) offenses.  See, Amendment 599 of the U.S. Sentencing Guidelines; U.S. vs. Aquino, 242 F.3d 859 (9th Cir.2001); U.S. vs. Hicks, 472 F.3d 1167 (9th Cir.2007); U.S. vs. Smith, 981 F.2d 887 (6th Cir.1992); Shepard vs. U.S., 544 U.S. 18 (2005)(Prior convictions did not qualify as predicates); 18 USC 3559(c)(2)(F)(i-ii) & (H) & (3)(Nonqualifying felonies); U.S. vs. FRANKLIN, 235 F.3d 1165 (9th Cir.2000)(citing, U.S. vs. Bonat, 106 F.3d 1472-1476 (9th Cir.1997), U.S. vs. Gottlieb, 140 F.3d 865 (10th Cir.1998).

(vi) Petitioner was not Indicted as as to any penalty provisions for the offense of 18 USCC [sic] 922(g)(1), which are contained and set forth under 18 USC 924(a)(1), 924(a)(2), or 924(e)(1); this requires reversal of the conviction and sentence on jurisdictional grounds for the same reasons as that found in Nathaniel Jones vs. U.S., supra, which specifically recognized the error that the numbered subsections were not referenced.  18 USC 922(g)(1) has not penalty provisions, and so one must look elsewhere.  Because the government did not serve the Notice required by 18 USC 3559(c)(2)(F)(i-ii) & (H) & (3) – as to which priro [sic] convictions (three of them) the government intended to use, The [sic] Petitioner's convictions and sentences must be vacated with prejudice for the same reasons as found by the Sixth Circuit in U.S. vs. Harris, 397 F.3d 404 (2006); and, U.S. vs. Gottlieb, 140 F.3d 865 (10th Cir.1998); and see, especially, U.S. vs. Maybeck, 23 F.3d 888, 891-894 (4th Cir.1994), citing, with approval Mills vs. Jordan, 979 F.2d 1273, 1279 (7th Cir.1992); Jones vs. Arkansas, 929 F.2d 375, 381 & n. 16 (8th Cir.1991); and MURRAY VS. CARRIER, 477 U.S. 478, 496 (1985)(In a different context, the U.S. Supreme Court has recognized that it is an unacceptable deviation from our fundamental system of justice to automatically prevent the assertion of actual innocence simply because a defendant has not observed procedural rules of avenues available to him, Engle vs. Issacs, 456 U.S. 107, 135 (1982) ... and that since the concepts of cause and prejudice are not rigid, but 'take their meaning from ... principles of comity and finality ... [i]n appropriate cases those principles must yield to the imperative of correcting a fundamentally unjust incarceration ... [W]e are confident that <u>victims</u> of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.').  The Petitioner, <u>sub judice</u>, is actually and factually innocent of being 'an armed career criminal, career criminal, and any other kind of criminal.  He realleges and incorporates all the arguments and exhibits heretofore made to

7

support this fact, as if specifically raised herein.

(vii) Petitioner's sentences and convictions amount to Double Jeopardy where he received excessive consecutive special assessment under 18 USC 3013 upon purely concurrent sentences and convictions in the amount of $250.00, in clear violation of Supreme Court Decision, Ray vs. U.S., 481 U.S. 736 ... (1987); Rutledge vs. U.S., 517 U.S. 282, (1006); U.S. vs. Nash, 64 F.3d 504, 509 (9th Cir.1995)(same); U.S. vs. Keen, 96 F.3d 425 (9th Cir.1996 at footnote [9](the government not disputing the defendant's sentences were not purely concurrent). Because the double jeopardy clause deals with the district court's power to hale the defendant into court, it must be established that the district court lacked jurisdiction where the consecutive sentencing special assessments have been paid already.  There is only one cure, that is total release from imprisonment under U.S. vs. Holmes, 822 F.2d 481, 485-end (5th Cir.1987).

(viii) Because payment of the special assessments have already occurred, the sentence has been satisfied and Petitioner is entitled to release from imprisonment.  As ex parte [sic] Lange 85 U.S. 163, demonstrates, a defendant may not receive a greater sentence than the Legislature has authorized.  Because the Supreme Court, and the Ninth Circuit have spoken that consecutive special assessments on purely concurrent sentences are unauthorized [sic] by congress [sic], Ray & Rutledge & Nash, supra, and because Petitioner has fully and completely paid these special assessments, Petitioner must be released from his confinement and sentence because payment of the fine satisfies the sentence.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA.  After noting that the AEDPA

and its decisions make clear that a "claim" "is an asserted

federal basis for relief from a ... judgment of conviction", *id.*

at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will
> contain one or more 'claims.'  For example,
> it might straightforwardly assert that owing
> to 'excusable neglect,' Fed. Rule Civ. Proc.
> 60(b)(1), the movant's habeas petition had
> omitted a claim of constitutional error, and
> seek leave to present that claim ...
> Similarly, a motion might seek leave to
> present 'newly discovered evidence,' Fed.
> Rule Civ. Proc. 60(b)(2), in support of a
> claim previously denied ... Or a motion might
> contend that a subsequent change in
> substantive law is a 'reason justifying
> relief,' Fed. Rule Civ. Proc. 60(b)(6), from
> the previous denial of a claim ... Virtually
> every Court of Appeals to consider the
> question has held that such a pleading,
> although labeled a Rule 60(b) motion, is in
> substance a successive habeas petition and
> should be treated accordingly ....
>
> We think those holdings are correct.  A
> habeas petitioner's filing that seeks
> vindication of such a claim is, if not in
> substance a 'habeas corpus application,' at
> least similar enough that failing to subject
> it to the same requirements would be
> 'inconsistent with' the statute.  28 U.S.C. §
> 2254 Rule 11.  Using Rule 60(b) to present
> new claims for relief from a state court's
> judgment of conviction - even claims couched
> in the language of a true Rule 60(b) motion -
> circumvents AEDPA's requirement that a new
> claim be dismissed unless it relies on either
> a new rule of constitutional law or newly
> discovered facts. § 2244(b)(2).  The same is
> true of a Rule 60(b)(2) motion presenting new
> evidence in support of a claim already
> litigated: even assuming that reliance on a
> new factual predicate causes that motion to
> escape § 2244(b)(1)'s prohibition of claims
> 'presented in a prior application,' §
> 2244(b)(2)(B) requires a more convincing
> factual showing than does Rule 60(b).
> Likewise, a Rule 60(b) motion based on a

purported change in the substantive law
governing the claim could be used to
circumvent § 2244(b)(2)(A)'s dictate that the
only new law on which a successive petition
may rely is 'a new rule of constitutional
law, made retroactive to cases on collateral
review by the Supreme Court, that was
previously unavailable.'  In addition to the
substantive conflict with AEDPA standards, in
each of these three examples use of Rule
60(b) would impermissibly circumvent the
requirement that a successive habeas petition
be precertified by the court of appeals as
falling within an exception to the
successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule
60(b) motion advances one or more 'claims'
will be relatively simple.  A motion that
seeks to add a new ground for relief ... will
of course qualify.  A motion can also be said
to bring a 'claim' if it attacks the federal
court's previous resolution of a claim *on the
merits*, since alleging that the court erred
by denying habeas relief on the merits is
effectively indistinguishable from alleging
that the movant is, under the substantive
provisions of the statutes, entitled to
habeas relief.

*Id.* at 531-532.   However, the Supreme Court ruled:

That is not the case ... when a Rule 60(b)
motion attacks, not the substance of the
federal court's resolution of a claim on the
merits, but some defect in the integrity of
the federal habeas proceedings.

*Id.* at 532.  The Supreme Court noted:

Fraud on the federal habeas court is one
example of such a defect.  See generally
*Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2
2001)(a witness's allegedly fraudulent basis
for refusing to appear at a federal habeas
hearing 'relate[d] to the integrity of the
federal habeas proceeding, not to the
integrity of the state criminal trial').  We
note than an attack based on the movant's own
conduct, or his habeas counsel's omissions,
see, *e.g., supra*, at 530-531, ordinarily does

1           **not go to the integrity of the proceedings,**

2           **but in effect asks for a second chance to**
               **have the merits determined favorably.**

3     **With one exception, Petitioner's numerous claims in his**

4 **motion for reconsideration as well as in his initial motion to**

5 **re-open his Section 2255 motion make no allegation relating to**

6 **the integrity of the prior Section 2255 proceeding.  Petitioner**

7 **essentially uses the vehicle of Rule 60(b) to reargue issues**

8 **decided against him and to raise new claims not previously**

9 **asserted on appeal or for Section 2255 relief.  Petitioner's**

10 **motion to reopen and his motion for reconsideration must be**

11 **construed as a second or successive motions pursuant to Section**

12 **2255 governed by 28 U.S.C. § 2244 with respect to all claims,**

13 **save one.  *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.),**

14 ***cert. denied*, 524 U.S. 965 (1998).  Consequently, the District**

15 **Court lacks jurisdiction to consider the merits of these motions**

16 **absent authorization from the Ninth Circuit Court of Appeals.**

17 ***United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).**

18 **The one exception is Petitioner's assertion in Paragraph v**

19 **of the motion for reconsideration that "Petitioner was given a**

20 **two point-level enhancement for both 18 USC 922(g)(1) and**

21 **924(c)(1) which has never been corrected properly by the Court**

22 **where Petitioner has two 924(c)(1) offenses.  See, Amendment 599**

23 **of the U.S. Sentencing Guidelines ...."**

24 **Amendment 599 to the Sentencing Guidelines is applied**

25 **retroactively.  *See United States v. Aquino*, 242 F.3d 859, 865**

26 **(9th Cir.2001); U.S.S.G. § 1B1.10(a) and (c).**

Amendment 599 amended Application Note 2 of the Commentary to §2K2.4.  Prior to the amendment, §2K2.4 provided in relevant part:

> Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes.
>
> (a) If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 844(h), § 924(c), or § 929(a), the term of imprisonment is that required by statute.
>
> ...

Prior to Amendment 599, Note 2 to § 2K2.4 stated:

> Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (*e.g.*, §2B3.1(b)(2)(A)-(F) (Robbery) is not to be applied in respect to the guidelines for the underlying offense.
>
> In a few cases, the offense level for the underlying offense determined under the preceding paragraph may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § 844(h), § 924(c), or § 929(a), produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) (*i.e.*, the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied).  In such a case, an upward departure may be warranted so that the conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) does not result in a decrease in the total punishment.  An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18

U.S.C. § 844(h), § 924(c), or § 929(a).

**Amendment 599 amended Note 2 to read:**

> *If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.  A sentence under this guideline accounts for any explosive or weapon enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).  Do not apply any weapon enhancement in the guidelines for the underlying offense, for example, if (A) a co-defendant as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.*

> *If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under §2K1.3(b)(3)(pertaining to possession of explosive material in connection with another felony offense) or §2K2.1(b)(5)(pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement.  A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction*

13

*for an underlying offense of armed bank*
*robbery, the defendant was convicted of being*
*a felon in possession under 18 U.S.C. §*
*922(g), the enhancement under §2K2.1(b)(5)*
*would not apply.*

*In a few cases, the offense level for the*
*underlying offense determined under the*
*preceding paragraph may result in a guideline*
*range that, when combined with the mandatory*
*consecutive sentence under 18 U.S.C. §*
*844(h), § 924(c), or § 929(a), produces a*
*total maximum penalty that is less than the*
*maximum of the guideline range that would*
*have resulted had there not been a count of*
*conviction under 18 U.S.C. § 844(h), §*
*924(c), or § 929(a) (i.e., the guideline*
*range that would have resulted if the*
*enhancements for possession, use, or*
*discharge of a firearm had been applied).  In*
*such a case, an upward departure may be*
*warranted so that the conviction under 18*
*U.S.C. § 844(h), § 924(c), or § 929(a) does*
*not result in a decrease in the total*
*punishment.  An upward departure under this*
*paragraph shall not exceed the maximum of the*
*guideline range that would have resulted had*
*there not been a count of conviction under 18*
*U.S.C. § 844(h), § 924(c), or § 929(a).*

(Emphasis Added).  The reason for Amendment 599 is explained by

the Sentencing Commission:

*This amendment expands the commentary in*
*Application Note 2 of § 2K2.4 (Use of*
*Firearm, Armor-Piercing Ammunition, or*
*Explosive During or in Relation to Certain*
*Crimes) to clarify under what circumstances*
*defendants sentenced for violations of §*
*924(c) in conjunction with convictions for*
*other offenses may receive weapon*
*enhancements contained in the guidelines for*
*those other offenses.  The amendment directs*
*that no guideline weapon enhancement should*
*be applied when determining the sentence for*
*the crime of violence or drug trafficking*
*offense for which the defendant is*
*accountable under §1B1.3 (Relevant Conduct).*
*Guideline weapon enhancements may be applied,*
*however, when determining the sentence for*

14

counts of conviction outside the scope of relevant conduct for the underlying offense (*e.g.*, a conviction for a second armed bank robbery for which no 18 U.S.C. § 924(c) conviction was obtained).

For similar reasons, this amendment also expands the application note to clarify that offenders who receive a sentence under §2K2.4 should not receive enhancements under §2K1.3(b)(3) (pertaining to explosive material connected with another offense), or §2K2.1(b)(5) (pertaining to firearms or ammunition possessed, used, or transferred in connection with another offense) with respect to any weapon, ammunition, or explosive connected to the offense underlying the count of conviction sentenced under §2K2.4.

The purposes of this amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancement with general guideline principles.  The relevant application note to §2K2.4 previously stated that if a sentence was imposed under §2K2.4 in conjunction with a sentence for 'an underlying offense,' no weapon enhancement should be applied with respect to the guideline for the underlying offense.  Some courts interpreted 'underlying offense' narrowly to mean only the 'crime of violence' or 'drug trafficking offense' that forms the basis for the 18 U.S.C. § 924(c) conviction ... In other cases, offenders have received both the mandated statutory penalty and a guideline weapon enhancement in circumstances in which the guidelines generally would require a single weapon enhancement ....

This amendment clarifies application of the commentary, consistent with the definition of 'offense' found in §1B1.1 (Application Note 1(*l*) and with general guideline principles. It addresses disparate application arising from conflicting interpretations of the current guideline in different courts, and is intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm.

The Presentence Investigation Report, based on the 1993 Sentencing Guidelines, calculated the Base Offense Level for Count One (carjacking with great bodily injury in violation of 18 U.S.C. § 2119(2) as 20 pursuant to §2B3.1. The Base Offense Level was increased by two levels pursuant to § 2B3.1(b)(1)(B). Paragraph 17 of the PSR stated:

> 17.  U.S.S.G. §2B3.1(b)(2)(A) indicates there is an increase of seven levels if a firearm was discharged.  The defendant shot the victim during the course of the carjacking. Therefore, ordinarily a seven-level increase would be recommended.  However, in commentary note no. 2 in U.S.S.G. §2K2.4, it states, 'Where a sentence under this section (18 USC 924(c)) is imposed in conjunction with the sentence for an underlying offense, in this case carjacking, any specific offense characteristics for the possession, use or discharge of a firearm is not to be applied in respect to the guideline for the underlying offense.'  In that defendant is charged in Count Two for violation of 18 USC 924(c), a seven-level increase is not recommended.

The PSR recommended a four-level increase to the Base Offense Level for Count One pursuant to §2B3.1(b)(3)(B) for serious bodily injury to the victim.  The Adjusted Offense Level for Count One was 26.

The PSR made no recommendation in Count Two for conviction of use of a firearm during the crime of conviction in Count One because of the statutory consecutive five year mandatory minimum.

The Base Offense Level for Count Three (carjacking) was 20, with a two-level increase pursuant to §2B3.1(b)(1)(B).  No further enhancements for Count Two were recommended.  The

16

Adjusted Base Offense Level for Count Three was 22.

The PSR made no recommendation in Count Four for conviction of use of a firearm during the crime of conviction in Count Three because of the statutory consecutive twenty year mandatory minimum.

With regard to Count Five for violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), the Base Offense Level was calculated as 20 pursuant to § 2K2.1(a)(4)(A) because Petitioner had one prior conviction of a crime of violence.  A two-level increase pursuant to §2K2.1(b)(3) was recommended because the 9mm handgun used in the carjackings was stolen.  A four-level increase was recommended pursuant to §2K2.1(b)(5), because the 9mm handgun was used in both carjackings.  The Adjusted Offense Level for Count Five was 26.

The Combined Adjusted Offense Level was 29.

Petitioner's defense counsel objected to the PSR:[1]

> 2) Double counting for 2K2.1(b)(5) in count five and the felony offenses in counts One and Three: The defendant's guidelines on count five should not be increased by 4 levels under 2K2.1(b)(5) for the use of the gun in another felony offense because he is already being sentence [sic] for the other felony offenses in counts One and Three, carjacking.  This is punishing the defendant twice for the same conduct.
>
> 3) Grouping on count five: Under §3D1.2(c) count Five should be placed in a single group, for determining the guideline range,

---

[1]Petitioner objected to the PSR on the ground of double jeopardy.  Judge Price rejected the double jeopardy objection by written order.

17

with the carjacking counts.  §3D1.2(c)
provides:

> All counts involving substantially
> the same harm shall be grouped
> together into a single Group.
> Counts involve substantially the
> same harm within the meaning of
> this rule: (c) When one of the
> counts embodies conduct that is
> treated as a specific offense
> characteristic in, or other
> adjustment to, the guideline
> applicable to another of the
> counts.

Here the felon in possession count involves
the same conduct, possession of a firearm,
that is treated as a specific offense
characteristic in §2B3.1(b)(2) in the
carjacking counts.  Therefore, these counts
should be grouped together and no additional
points should be added to the defendant's
guideline level.

The Probation Officer responded to Petitioner's formal
objections:

> 2) Double counting for 2K2.1(b)(5) in count
> five and the felony offenses in Counts One
> and Three.

> **Response**

> Double counting does not apply in this case.
> The focus of this count is on the defendant
> being a felon in possession of a firearm
> rather that [sic] the gun involved.  The AK
> 46 assault rifle was not involved in any of
> the other counts.  The assault rifle belonged
> to the defendant and he was found in
> possession of the rifle when he was arrested.
> That gun was not involved in any of the other
> offenses.

> 3) Grouping of count Five

> **Response**

> Count five, Felon in possession of a Firearm,

18

cannot be grouped based on the fact that the
AK 47 assault rifle was not involved in any
of the other offenses.

The defendant, as a felon was in possession
of a firearm, that is the focus of the count
rather than the firearm itself.  Felon in
Possession of a Firearm counts are not
grouped unless the firearm was part of a
common scheme and in this case, the AK 47 was
possessed on a different day and was not used
in the carjackings.

At sentencing, Judge Price ruled:

The second half of the objections referred to
the grouping, and counsel objected to the
grouping.  And Section 3(d) 1.2 [sic] of the
Sentencing Guidelines, the section under
which most grouping is done, under paragraph
- subparagraph (d), it's recited: Offenses
covered by the following guidelines are  -
excuse me - specifically excluded from the
operation of this section are 2(b) 2.1 [sic].

2(b) 2.1 [sic] is entitled, 'Robbery.'  And
under 2(b) 2.1 [sic] the application notes
under subparagraph 1 states [sic]:
'Carjacking means the taking or attempted
taking of a motor vehicle from the person or
presence of another by force and violation,
or by intimidation.'

Consequently, the Court concludes that the
grouping in a carjacking case is not to be
performed under the first mentioned section
of the guidelines, 3(d) 1.2 [sic].  Proceed,
Mr. Rainwater.

MR. RAINWATER: Thank you, Your Honor.  I
think the Court, therefore, has rejected all
our objections I set forth in my memorandum
....

From this record and pursuant to Amendment 599, it appears
that the Base Offense Level for Count Five may have been
incorrectly enhanced by four levels pursuant to §2K2.1(b)(5)
because the 9mm handgun was used in the carjackings.

1      However, the incorrect four level enhancement pursuant to

2 §2K2.1(b)(5) is harmless error that does not entitle Petitioner

3 to relief.  This is because of the application of §3D1.4:

4       <u>Determining the Combined Offense Level</u>

5       The combined offense level is determined by
        taking the offense level applicable to the

6       Group with the highest offense level and
        increasing that offense level by the amount

7       indicated in the following table:

8       <u>Number of Units</u>     <u>Increase in Offense Level</u>

9       1                none

10      1½             add 1 level

11      2               add 2 levels

12      2½ - 3        add 3 levels

13      3½ - 5        add 4 levels

14      More than 5    add 5 levels

15       In determining the number of Units for
        purposes of this section:

16

17       (a) Count as one Unit the Group with the
        highest offense level.  Count one additional
        unit for each Group that is equally serious

18       or from 1 to 4 levels less serious.

19       (b) Count as one-half Unit any Group that is
        5 to 8 levels less serious that the Group

20       with the highest offense level.

21       (c) Disregard any Group that is 9 or more
        levels less serious than the Group with the

22       highest offense level.  Such Groups will not
        increase the applicable offense level but may

23       provide a reason for sentencing at the higher
        end of the sentencing range for the

24       applicable offense level.

25    The PSR calculated the Multiple Count Adjustment pursuant to

26 §3D1.4:

|  |  | Units |
|---|---|---|
| 30. Adjusted Offense Level for Count One | 26 | 1 |
| 31. Adjusted Offense Level for Count Three | 22 | 1 |
| 32.  Adjusted Offense Level for Count Five | 26 | 1 |
| 33.  Total Number of Units |  | 3 |
| 34.  Greater Adjusted Offense Level | 26 |  |
| 35.  Increase in Offense Level | 3 |  |
| 36.  Combined Adjusted Offense Level | 29 |  |

Even if the calculation of Petitioner's Adjusted Base Offense Level for Count Five is reduced by four levels from 26 to 22, Petitioner's Combined Adjusted Offense Level remains 29. Consequently, there is no basis for modification of the sentence imposed by Judge Price because of retroactive application of Amendment 599.

## CONCLUSION

For the reasons stated, Petitioner John Allen Newton's Motion for Reconsideration of Order Denying Petitioner's Motion to Re-Open Section 2255 Motion is DENIED.

IT IS SO ORDERED.

Dated:    December 22, 2008          /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE