IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff/<br>              Respondent,<br><br>     vs.<br><br>JOHN ALLEN NEWTON,<br><br>              Defendant/<br>              Petitioner. | No. CR-F-94-5036 OWW<br><br>ORDER DEEMING "NOTICE OF SATISFACTION OF JUDGMENT" TO BE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 1651 AND DENYING DEEMED PETITION |

John Allen Newton, a federal prisoner proceeding *in pro per*, has filed a "Notice of Satisfaction." Petitioner contends that he has paid the special assessments imposed at sentencing and "gives notice that the Judgment imposed by the Court - and now executed by the United States Attorney General's office - has been completely satisfied." Petitioner asserts:

> Accordingly, Rule 60(b)(4-6) requires that the satisfied Judgment as imposed - and now executed - is void; constitutes fraud upon the court; and applying it prospectively is no longer equitable; and there are other

1


> reasons that justify relief: The Judgment constitutes double jeopardy which is resulting in a person being restrained of his liberty contrary to law - he is being forced to continue a service of imprisonment no longer permitted by the laws and Constitution of the United States.
>
> WHEREFORE, Defendant-Petitioner invokes 28 USC 1651 and a Writ of Prohibition, Writ of Habeas Corpus, Writ of Coram Nobis, Writ of Audita Querela, Writ of Mandamus, or any other Writ, directed to the Attorney General of the United States and any other party for Petitioner's release from imprisonment forthwith.

The "Notice of Satisfaction of Judgment" is deemed to be a petition for writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651.

Petitioner was convicted by jury trial of two counts of carjacking in violation of 18 U.S.C. § 2119, two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922.  Petitioner was sentenced on September 26, 1994 165 months incarceration as to the two carjacking counts and being a felon in possession, 60 months consecutive as to use of a firearm in Count Two, and 240 months consecutive as to use of a firearm in Count 4, for a total term of 465 months incarceration.  A mandatory penalty assessment of $250 was imposed.  Petitioner filed an appeal to the Ninth Circuit.  In *United States v. Newton*, 65 F.3d 810 (9th Cir.1995), *cert. denied,* 516 U.S. 1137 (1996), the Ninth Circuit affirmed Petitioner's convictions.

1  Petitioner filed a motion to vacate, set aside or correct
2  sentence pursuant to 28 U.S.C. § 2255 on December 17, 1996.
3  Petitioner's Section 2255 motion was denied by Order filed on
4  January 30, 1997.  A certificate of appealability was denied by
5  the District Court on July 22, 1997 and by the Ninth Circuit on
6  November 11, 1997.

7  On February 7, 2008, Petitioner filed a motion to re-open
8  his Section 2255 motion pursuant to Rule 60(b)(4), Federal Rules
9  of Civil Procedure.  By Memorandum Decision and Order filed on
10 May 28, 2008, Petitioner's motion to re-open was denied.  On
11 November 26, 2008, Petitioner filed a motion for reconsideration
12 of the denial of his motion to re-open.  By Memorandum Decision
13 and Order filed on December 4, 2008, Petitioner's motion for
14 reconsideration was denied.  Petitioner filed a Notice of Appeal
15 on January 26, 2009.  On June 6, 2009, the Court declined to
16 issue a Certificate of Appealability.

17 Petitioner now contends that the special assessment imposed
18 at sentencing for each of the felonies of which he was convicted
19 was illegal, citing *Ray v. United States*, 481 U.S. 736 (1987).
20 Because he has paid the special assessment, he has satisfied the
21 Judgment and is entitled to release from imprisonment.

22 To the extent Petitioner challenges the legality of the
23 sentence imposed, Petitioner must obtain authorization from the
24 Ninth Circuit Court of Appeals to file a second or successive
25 Section 2255 motion.  Absent this authorization, this Court has
26 no jurisdiction to consider Petitioner's claim.  *United States v.*

1 *Allen*, 157 F.3d 661, 664 (9th Cir. 1998).  Petitioner cannot rely on the All Writs Act, a writ of audita querela, a writ of coram nobis, or a writ of mandamus to avoid the statutory limits on second or successive Section 2255 motions.  *See Carrington v. United States*, 503 F.3d 888 (9th Cir.2007), *amended on other grounds*, 530 F.3d 1183 (9th Cir.2008); *United States v. Valdez-Pacheco*, 237 F.3d 1077 (9th Cir.2001).

To the extent Petitioner contends that he has served the sentence imposed, he is challenging the execution of the sentence.  In order to challenge the execution of a sentence, a federal prisoner must file a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the district in which Petitioner is incarcerated.  *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1980); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

For the reasons stated:

1.  Petitioner's deemed petition for writ of habeas corpus is **DENIED**.

IT IS SO ORDERED.

**Dated:   July 8, 2009**                            /s/ Oliver W. Wanger
                                                                 UNITED STATES DISTRICT JUDGE