IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ALLEN NEWTON, | ) | No. CV-F-96-6366 OWW |
| | ) | (No. CR-F-94-5036 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | SECOND MOTION TO RE-OPEN |
| vs. | ) | SECTION 2255 MOTION PURSUANT |
| | ) | TO RULE 60(b), FEDERAL RULES |
| | ) | OF CIVIL PROCEDURE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On December 20, 2010, Petitioner John Allen Newton, proceeding *in pro per*, filed a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, to re-open his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**A.   Background.**

Petitioner was convicted by jury trial of two counts of carjacking in violation of 18 U.S.C. § 2119, two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922.  Petitioner was sentenced on September 26, 1994 to a total of 465 months incarceration. Petitioner filed an appeal to the Ninth Circuit.  In *United States v. Newton,* 65 F.3d 810 (9th Cir.1995), *cert. denied*, 516 U.S. 1137 (1996), the Ninth Circuit affirmed Petitioner's convictions.

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on December 17, 1996, asserting newly discovered evidence and ineffective assistance of counsel based on counsel's failure to call certain family witnesses at trial and failure to file a motion to suppress. Petitioner's Section 2255 motion was denied by Order filed on January 30, 1996.  A certificate of appealability was denied by the District Court on July 22, 1997 and by the Ninth Circuit on November 11, 1997.

On February 7, 2008, Petitioner filed a "Motion to Reopen a 28 United States Code § 2255 Via Federal Rule Civil Procedure 60(b)(4) For the sole purpose ... To obtain a vactur [sic] of a judgment enter [sic] without 'Subject-Matter jurisdiction.'  By Memorandum Decision and Order filed on May 26, 2008, Petitioner's motion to re-open his Section 2255 motion was denied. Petitioner's motion to re-open contended that the car identified in Counts 3 and 4 of the Indictment were never transported, shipped, or received by anyone in interstate commerce; that affidavits executed in October 1996 establish Petitioner's actual innocence of carjacking; and that Counts 2 and 4 charging him

with use of a firearm during a crime of violence specify simple possession of the weapon, which does not fit the elements of 18 U.S.C. § 924(c).  Petitioner's motion to re-open was denied on the merits by Order filed on May 26, 2010.

On November 26, 2008, Petitioner filed a motion to reconsider the May 26, 2008 Order pursuant to Rule 60(b)(4) and (6).  Petitioner's motion to reconsider was denied on the grounds that Petitioner was using the vehicle of Rule 60(b) to re-argue issues decided against him and to raise new claims not previously asserted on appeal or for Section 2255 relief.  Petitioner's motion was construed as a second or successive Section 2255 motion over which the District Court lacks jurisdiction to consider the merits absent prior authorization from the Ninth Circuit.  To the extent Petitioner's motion to reconsider asserted Petitioner was entitled to relief pursuant to Amendment 599 to the Sentencing Guidelines, Petitioner's motion was considered on the merits and denied.  No appeal was taken by Petitioner from the denial of his motion to re-open or his motion to reconsider.

B.   Current Motion to Re-Open.

Petitioner again moves to re-open his Section 2255 motion on the ground that "counts 2 and 4, charging him with use of a firearm during a crime of violence clearly specify simple possession of a Norinco 9mm semi-automatic handgun, and that these specified acts of simple possession do not fit the criteria under Title 18 U.S.C. 924(c)."  Petitioner cites *Castillo v.*

3

*United States*, 530 U.S. 120 (2000), and contends that the "intervene [sic] change of the laws establish that mandatory minimum sentences implicates the Sixth Amendment right to a jury trial."

In *Castillo*, the Supreme Court examined Section 924(c)(1) before it was amended in November 1998.  The Supreme Court ruled:

> The statute in question, 18 U.S.C. § 924(c), prohibits the use or carrying of a 'firearm' in relation to a crime of violence, and increases the penalty dramatically when the weapon used or carried is, for example, a 'machinegun.'  We conclude that the statute uses the word 'machinegun' (and similar words) to state an element of a separate offense' the result of which is 'the indictment must identify the firearm type and a jury must find that element proved beyond a reasonable doubt.'

530 U.S. at 121, 123.[1]

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA.  After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.'  For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc.

---

[1] There is a split of authority whether *Castillo* is retroactive to cases on collateral review.  *See United States v. Wiseman*, 297 F.3d 975 (10th Cir.2002); *compare United States v. Gonzales*, 327 F.3d 416 (5th Cir.2003).  Neither the Supreme Court nor the Ninth Circuit appear to have ruled on the issue of *Castillo*'s retroactivity.

> 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule

>    60(b) would impermissibly circumvent the
>    requirement that a successive habeas petition
>    be precertified by the court of appeals as
>    falling within an exception to the
>    successive-petition bar. § 2244(b)(3).
>
>    In most cases, determining whether a Rule
>    60(b) motion advances one or more 'claims'
>    will be relatively simple. A motion that
>    seeks to add a new ground for relief ... will
>    of course qualify. A motion can also be said
>    to bring a 'claim' if it attacks the federal
>    court's previous resolution of a claim *on the
>    merits*, since alleging that the court erred
>    by denying habeas relief on the merits is
>    effectively indistinguishable from alleging
>    that the movant is, under the substantive
>    provisions of the statutes, entitled to
>    habeas relief.

*Id.* at 531-532.   However, the Supreme Court ruled:

>    That is not the case ... when a Rule 60(b)
>    motion attacks, not the substance of the
>    federal court's resolution of a claim on the
>    merits, but some defect in the integrity of
>    the federal habeas proceedings.

*Id.* at 532.   The Supreme Court noted:

>    Fraud on the federal habeas court is one
>    example of such a defect. See generally
>    *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2
>    2001)(a witness's allegedly fraudulent basis
>    for refusing to appear at a federal habeas
>    hearing 'relate[d] to the integrity of the
>    federal habeas proceeding, not to the
>    integrity of the state criminal trial'). We
>    note that an attack based on the movant's own
>    conduct, or his habeas counsel's omissions,
>    see, *e.g., supra*, at 530-531, ordinarily does
>    not go to the integrity of the proceedings,
>    but in effect asks for a second chance to
>    have the merits determined favorably.

   Here, Petitioner's motion to re-open seeks to raise a new claim for Section 2255 relief. Petitioner essentially uses the vehicle of Rule 60(b) to raise a new claim not previously

6

asserted on appeal or for Section 2255 relief. Petitioner's motion to re-open must be construed as a second or successive motion pursuant to Section 2255 governed by 28 U.S.C. § 2244 with respect to all claims. *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965. Consequently, the District Court lacks jurisdiction to consider the merits of this motion absent authorization from the Ninth Circuit Court of Appeals. *United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998).

## Conclusion

For the reasons stated, Petitioner's motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, to re-open his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

Dated:   December 28, 2010            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE