IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 94-5036 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE AND OTHER RELIEF** |
| vs. | (Docs. 96, 97.) |
| JOHN ALLEN NEWTON, | |
| Defendant. / | |

## INTRODUCTION

Defendant John Allen Newton ("defendant") is a federal prisoner and proceeds pro se to seek to reduce his 465-month sentence, pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)"). This Court considered defendant's motion to reduce sentence on the record and denies defendant's requested relief.

## BACKGROUND

Defendant was convicted of two counts of carjacking in violation of 18 U.S.C. § 2119, two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922. Defendant was sentenced on September 26, 1994 to 465 months incarceration. Defendant filed an appeal to the Ninth Circuit. In *United States v. Newton*, 65 F.3d 810 (9 Cir.1995), *cert. denied*, 516 U.S. 1137 (1996), the Ninth Circuit affirmed Petitioner's convictions. Defendant has filed several unsuccessful motions in this Court to challenge his sentence.

On December 26, 2012, defendant filed a motion to reduce sentence pursuant to section 3582(c)(2). Defendant appears to seek a sentence reduction based on retroactive application of an amendment to the U.S. Sentencing Guidelines ("USSG").

### Section 3582(c)(2) Standards

Section 3582(c)(2) permits sentence modification under limited circumstances:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> . . .
>
> (2) in case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In applying section 3582(c)(2), a district court must: (1) first determine that a reduction is consistent with the policy statements of U.S. Sentencing Guidelines ("USSG") § 1B1.10; and (2) then consider applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according to the circumstances of the case. *Dillon v. U.S.*, 130 S.Ct. 2683, 2691 (2010) (interpreting section 3582(c)(2)). Because modification of an imposed prison term does not implicate the Sixth Amendment and is not otherwise constitutionally mandated, proceedings under section 3582(c)(2) do not trigger application of *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). *Dillon*, 130 S.Ct. at 2692-2693.

In *Dillon*, 130 S.Ct. At 2692, the U.S. Supreme Court explained:

> We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines.

Defendant fails to address the section 3582(c)(2) criteria to reduce his sentence. Defendant appears to seek a sentence reduction based on an inadequately identified USSG amendment which he fails to indicate has been codified into binding law. Defendant offers nothing meaningful to support his claim of retroactive application of a USSG amendment to warrant a sentence reduction.

///

**CONCLUSION AND ORDER**

This Court DENIES defendant a sentence reduction given his failure to establish section 3582(c)(2) criteria and DENIES defendant's other requested relief, including appointment of counsel.

IT IS SO ORDERED.

Dated:   **January 9, 2013**          **/s/  Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE