## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN NEWTON, | 1:94-CR-5036-LJO-1 |
| Petitioner, | |
| | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO VACATE (DOC. 99) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. **INTRODUCTION**

Petitioner John Allen Newton, appearing pro se, seeks adjudication of a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255") based on ineffective assistance of counsel, newly discovered evidence, and failure to file a motion to suppress. Doc. 99 at 3. Because Petitioner has failed to show that he obtained leave from the Court of Appeals authorizing him to file a second motion, this Court lacks jurisdiction to consider his claims. Accordingly, this Court DISMISSES petitioner's second section 2255 motion.

## II. **DISCUSSION**

A.      **Second Section 2255 Motion.**

On December 17, 1996, Petitioner filed a section 2255 motion. Doc. 58. On January 30, 1997, the Court denied Petitioner's motion. Doc. 64. On June 26, 2014, Petitioner filed a second section 2255 motion. Doc. 99.

Before this Court can consider a second or successive section 2255 motion, the petitioner must

1   receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A)[1];

2   *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a

3   "gatekeeping" mechanism for the consideration of second or successive applications in the district court

4   thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or

5   successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir.

6   2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to

7   certification pursuant to 28 U.S.C. § 2244[.]"). Petitioner has not shown that he has obtained leave from

8   the Court of Appeals to file a second motion. Thus, this Court lacks jurisdiction to consider the claims

9   raised in his second section 2255 motion. *See Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029-30 (C.D.Cal.

10   2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because

11   petitioner failed to obtain authorization from the Ninth Circuit).

12      This Court DISMISSES, without prejudice, Petitioner's section 2255 motion filed on June 26,

13   2014.

14   **B.      Certificate of Appealability.**

15      28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding

16   unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if

17   the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

18   2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). A COA issues when defendant

19   demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the

20   issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed

21   further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). In the absence of a COA, no appeal in a

22   section 2255 proceeding may be heard. 28 U.S.C. § 2253(c). This Court has reviewed the record of this

23   case and finds no jurist of reason would resolve the dismissal of Petitioner's second section 2255 motion

24

25   [1] Section 2255 provides in part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new retroactive rule of constitutional law. 28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by the

26   section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

for lack of jurisdiction differently. *See Barefoot*, 463 U.S. at 893 n. 4; *Clark v. Lewis*, 1 F.3d 814, 819

(9th Cir. 1993). Accordingly, a certificate of appealability is improper.[2]

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court:

**1.**     DISMISSES, without prejudice, Petitioner's section 2255 motion filed on June 26, 2014; and

**2.**     DENIES Petitioner a COA with regard to the section 2255 motion filed on June 26, 2014.

IT IS SO ORDERED.

Dated:   **July 3, 2014**                               **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE

---

[2] Although this Court finds that a COA is improper with regard to its decision to dismiss Petitioner's second section 2255 motion for lack of jurisdiction, should Petitioner wish to file a second section 2255 motion he must obtain the requisite certification from the U.S. Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).