# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ALLEN NEWTON,<br><br>　　　　　Defendant. | CASE NO. 1:94-CR-05036-LJO-1<br><br>ORDER VACATING STAY AND SETTING BRIEFING SCHEDULE<br><br>(ECF No. 106, 107) |

On November 3, 2015, Petitioner John Allen Newton filed a *pro se* motion (ECF No. 103), pursuant to Title 28, United States Code, Section 2255 ("Section 2255 Motion"). In its July 6, 2016 Order, the Court, appointed the Federal Defender's Office ("FDO") to represent Defendant in this matter, but stayed the case pending the Court of Appeals for the Ninth Circuit's decision in *United States v. Begay* (Case No. 14-10080). Petitioner, with aid of counsel, moves for reconsideration of this Court's order as to the stay.

Previously, the Ninth Circuit stayed proceedings on Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255, pending the Supreme Court's decision in *Welch v. United* States, 136 S.Ct. 1257 (2016). Subsequent to the *Welch* decision, the Ninth Circuit rendered an order lifting the stay of proceedings on June 2, 2016, in which it suggested that "[t]he district court may wish to stay proceedings pending this court's decision 14-10080, *United States v. Begay*." *See* ECF No. 102 at 1-2. In solely relying on this suggestion for judicial efficiency, this Court erred. Preserving judicial economy, without more, is an insufficient basis to justify holding in abeyance a decision on a petitioner's habeas corpus petition. *See Yong v. I.N.S.*, 208 F.3d 1116, 1120-21 (9th Cir. 2000). Good cause showing under *Yong*, the Court **GRANTS** Petitioner's Motion for Reconsideration (ECF No. 107). Accordingly,

**IT IS HEREBY ORDERED** that the Court's July 6, 2016 Order staying the case (ECF No. 106) is **VACATED**.

**IT IS FURTHER ORDERED** that the FDO shall have **60 days** from the undersigned date to file a supplement to Petitioner's *pro se* Section 2255 Motion **or** notify the Court that it does not intend to file such a supplement. From the date of the FDO's filing, the Government shall have **60 days** to file a response to Petitioner's motion. From the date of the Government's filing, the FDO shall have **60 days** to file a reply. The Clerk of Court is **DIRECTED to add the FDO's Panel Administrator, Connie Garcia (Connie_Garcia@fd.org), to the service list** prior to docketing of this Order.

IT IS SO ORDERED.

Dated:   **July 29, 2016**              /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE