UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>    v.<br><br>JOHN ALLEN NEWTON,<br><br>    Defendant-Petitioner. | CASE NO. 1:94-CR-5036-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>ECF Nos. 103, 109 |

## I. INTRODUCTION

Before the Court is Petitioner John Allen Newton's ("Petitioner," "Defendant," or "Newton") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on November 3, 2015 (ECF No. 103) and supplemented on September 27, 2016 (ECF No. 109.) Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. BACKGROUND

Newton was convicted, following a jury trial, of two counts of carjacking with serious bodily injury in violation of 18 U.S.C. § 2119(2) (Counts One and Three), two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two and Four), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five). (ECF No. 36.) On April 29,

1

2013, Petitioner was sentenced to a total term of 465 months imprisonment: 165 months on each of Counts One, Three, and Five to run concurrent with each other, 60 months on Count Two to run consecutive with Counts One, Three, and Five, and 240 months on Count Four, to run consecutive with Counts One, Three, and Five. (ECF No. 30.) Newton challenged his sentence on appeal, arguing that his convictions violated the Double Jeopardy Clause and that the evidence supporting on of his carjacking convictions was insufficient. The Ninth Circuit affirmed. *United States v. Newton*, 65 F.3d 810, 811 (9th Cir. 1995) (per curiam). Newton also filed motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in 1996 (ECF No. 58), 2006 (ECF No. 75), and 2014 (ECF No. 99). All petitions were denied.

On November 3, 2015, Newton filed with the Ninth Circuit a pro se application for leave to file a second or successive motion under 28 U.S.C. § 2255, arguing that his convictions for use of a firearm during a crime of violence were no longer valid following *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"). (ECF No. 103) (9th Cir. No. 15-73363). On June 2, 2016, the Ninth Circuit granted Newton's application and authorized Newton to file a successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (9th Cir. No. 15-73363, ECF No. 13.)

On July 29, 2016, the Court ordered counsel for Newton to file a supplement to Newton's pro se § 2255 motion and set a briefing schedule. (ECF No. 108.) Counsel for Newton filed a supplement to Newton's pro se § 2255 motion on September 27, 2016. (ECF No. 109.)  On November 17, 2016, the Government filed its opposition. (ECF No. 111.) Petitioner filed a reply on January 17, 2017. (ECF No. 113.) The matter is now ripe for review.

### III. LEGAL FRAMEWORK

**A.    28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

2

[2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.     *Johnson II* and *Welch***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson II*, 135 S. Ct. at 2556-57, 2563 ; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the

judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

In *Welch v. United States*, the Supreme Court held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

**C.      Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

18 U.S.C. § 924(c)(1)(A) provides, *inter alia*, that any person who in relation to any "crime of violence" uses or carries a firearm, shall in addition to the punishment provided for such "crime of violence," be sentenced to a term of imprisonment of not less than five years, to run consecutively with the punishment for the underlying "crime of violence." If a firearm is brandished in the course of committing the "crime of violence," the consecutive term of imprisonment shall be not less than seven years. 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the consecutive term of imprisonment shall be not less than ten years. *Id.* § 924(c)(1)(C)(A)(iii).

For purposes of 18 U.S.C. § 924(c)(1)(A), a "crime of violence" is defined as an offense that is a felony and—

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016). Unlike the ACCA clause at issue in *Johnson II*, there is no enumerated clause in § 924(c)(3).

## IV. DISCUSSION

Petitioner challenges his sentence on the basis that carjacking in violation of 18 U.S.C. § 2119(2) can no longer be deemed a qualifying "crime of violence" for purposes of § 924(c)(1) in light of the Supreme Court's decision in *Johnson II*. (ECF No. 109 at 11-14.) Although the residual clause in § 924(c)(3)(B) is not identical to the one struck down in *Johnson II*, Petitioner argues that it is very similar and therefore unconstitutionally vague. In response, the Government makes a three-pronged argument. (ECF No. 111 at 1.) First, Petitioner is not entitled to relief under 28 U.S.C. § 2255 because his conviction for carjacking is categorically a crime of violence under the "elements" or "force" clause of § 924(c)(3)(A). Second, Petitioner's carjacking conviction is a crime of violence under the residual clause of § 924(c)(3).[1] Third, Petitioner's motion is untimely because his conviction and sentence under § 924(c)(1)(A) are not affected by the Supreme Court's decisions in *Johnson II* and *Welch*.

### A.   Categorical Approach

To determine whether an offense fits the definition of a "crime of violence," courts employ the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (internal citations omitted). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume

---

[1] The validity of the residual clause in § 924(c)(3)(B) is currently before the Ninth Circuit Court of Appeals in *United States v. Randly Begay*, CA No. 14-10080.

that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted).

To qualify as a crime of violence under the force clause, the offense must have an element of "physical force." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). "Physical force" means "*violent* force" – force "capable of causing physical pain or injury to another person." *Id.* (emphasis in original) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 125 (2004) (interpreting the statutory definition of "crime of violence" in 18 U.S.C. § 16(a), a provision that is materially the same as § 924(c)(3)(A)).

Section 2119 provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

Petitioner argues that 18 U.S.C. § 2119(2) is not categorically a crime of violence because carjacking does not require the use, attempted use, or threatened use of *violent* physical force since it can be satisfied by intimidation. Relatedly, Petitioner also argues that intimidation does not satisfy the intent

element for a crime of violence under the § 924(c)(3) force clause.

**B.     Carjacking under § 2119 Requires the Threat of Violent Physical Force**

The federal carjacking statute, 18 U.S.C. § 2119, and the federal armed robbery statute, 18 U.S.C. § 2113, are similar in that they both have as an element "a taking by force and violence, or by intimidation." § 2113(a); *see also United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (finding no "basis in the text of the carjacking statute for viewing the term 'intimidation' as having a different meaning from our construction of the substantively identical term in [§ 2113].") In *United States v. Wright*, the Ninth Circuit held that armed bank robbery under 18 U.S.C. § 2113 (a) and (d) qualifies as a crime of violence under the "force" clause of § 924(c)(3)(A). 215 F.3d 1020, 1028 (9th Cir. 2000). Interpreting the common element in both statutes, the Ninth Circuit held that § 2113(a) necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*; *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) ("[P]ersons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1."). Similarly, in *Selfa*, the court "defined 'intimidation' under § 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." 918 F.2d at 751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The court then concluded that this definition met the requirement of a "threatened use of physical force" under an identical force clause in the Sentencing Guidelines. *Id.* Because armed carjacking requires the same element – "a taking by force and violence, or by intimidation" – the Ninth Circuit's conclusion in *Selfa* and *Wright* that armed robbery is categorically a crime of violence applies with equal force to § 2119.

Petitioner argues that *Wright* and *Selfa* have been "undermined" by subsequent Supreme Court and Ninth Circuit precedent, including *Johnson I*, 130 S. Ct. 1265, which held that a crime of violence requires "violent physical force." (ECF No. 113 at 4-10.) According to Petitioner, the taking of property through "intimidation" does not satisfy the requirement of "violent physical force" outlined in *Johnson I*

7

because intimidation concerns the subjective perception of the victim rather than the actions or intent of the defendant. (*Id.* at 5 (citing *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012)). However, Petitioner's argument is misplaced. The holding in *Johnson I* is consistent with *Wright* and *Selfa* and supports the notion that the taking of property by intimidation *necessarily threatens* violent physical force.[2] As noted above, in *Selfa*, the Ninth Circuit defined "intimidation" as acting "in such a way that would put an ordinary, reasonable person in fear of bodily harm." 918 F.2d at 751. The Court discerns no meaningful difference between the threat of violent physical force, as defined by *Johnson I*, and a taking by intimidation, as explained in *Selfa*, and concludes that threatened violent physical force satisfies the elements of the force clause in § 924(c). Indeed, recent unpublished Ninth Circuit cases decided after *Johnson I* affirm *Wright* and *Selfa*. *See United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (holding federal bank robbery under § 2113(a) is a crime of violence as defined by the identical force clause language in USSG § 4B1.2); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016) (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

Furthermore, in the wake of *Johnson II*, other courts have found that carjacking under § 2119 is categorically a crime of violence. *Evans*, 848 F.3d at 247-48 ("We are not aware of any case in which a court has interpreted the term 'intimidation' in the carjacking statute as meaning anything other than a threat of violent force."); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) ("an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the force clause of § 924(c), which requires the use, attempted use, or threatened use of physical force."); *Gray v. United States*, 196 F. Supp. 3d 605, 607-08 (E.D. Va. 2016) ("whether

---

[2] Petitioner also cites *United States v. Mathis*, 136 S. Ct. 2243 (2016) for the proposition that the element of "taking by force and violence or by intimidation" is indivisible and the "least acts criminalized in § 2119 is what is compared to the crime of violence definition under the categorical approach." (ECF No. 113 at 8.) The Court agrees. However, the Court concludes that carjacking accomplished through intimidation – the "least physically aggressive way of completing the element" (*id.*) – necessarily requires the threat of violent physical force, and therefore satisfies the force clause. *See Evans*, 848 F.3d at 247-48.

8

a defendant convicted under § 2119 took a motor vehicle by force and violence, or by intimidation, the crime necessarily involved the 'use, attempted use, or threatened use of physical force' encompassed by the force clause of § 924(c)(3)"). Likewise, other courts, including this Court, have also held that armed bank robbery under § 2113(a), whether by force and violence or intimidation, necessarily qualifies as a crime of violence under the force clause. *United States v. Torres*, No. 1:11-CR-0448-LJO-SKO, 2017 WL 431351, at *3 (E.D. Cal. Jan. 31, 2017) ("the taking of property by intimidation necessarily entails threatened physical force" (quotations omitted)); *see also United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (interpreting § 2113(a) and concluding that "[a] taking 'by force and violence' entails the use of physical force. Likewise, a taking 'by intimidation' involves the threat to use such force").

Because carjacking by intimidation § 2119 necessarily requires the threat of violent physical force, the Court concludes that §2119 is categorically a "crime of violence" within the meaning of *Johnson I*.

**C.      Carjacking under § 2119 Requires Intentional Conduct**

Petitioner also argues that carjacking under § 2119 does not require the use of *intentional* violent force, and therefore does not meet the *mens rea* requirement necessary to satisfy the force clause of § 924(c)(3). (ECF Nos. 109 at 13-14; 113 at 10-12.) The Court disagrees. In *Selfa*, the Ninth Circuit explicitly held that a conviction under § 2113(a) requires *willful* conduct. 918 F.2d at 751. As the Sixth Circuit recently explained in the context of interpreting § 2113, "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force." *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016). The Court sees no reason to distinguish between its interpretation of "intimidation" in § 2119 and the substantively identical term in § 2113. *See United States v. Martinez*, 49 F.3d 1398, 1401 (9th Cir. 1995) ("We see no reason to distinguish between the bank robbery and carjacking statutes with respect to intent"), *superseded by statute on other grounds*. In either case, taking by intimidation requires sufficient intent to satisfy the *mens rea* requirement of the elements clause because it precludes conviction with a reckless or negligent state of

9

mind. *See Evans*, 848 F.3d at 247 (citing *McNeal*, 818 F.3d at 153).

Petitioner suggests that it is somehow possible to willfully take another's property in a way that puts them in fear of harm without willfully threatening the use of force. (ECF No. 113 at 12.) By way of example, Petitioner suggest that a defendant could be found guilty of carjacking "in a case in which the driver surrendered or otherwise lost control over his car." (*Id.*) However, a defendant cannot be convicted of taking property by intimidation if the defendant did not know that his actions were intimidating.[3] *See Carter v. United States*, 530 U.S. 255, 268 (2000) (holding that § 2113 requires "proof of general intent—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, *the taking of property of another by* force and violence or *intimidation*)" (emphasis altered)). Because the statute requires, at a minimum, general intent, the Court concludes that the intent element of § 2119 categorically matches that of the force clause. *Id.*; *see also McNeal*, 818 F.3d at 155 ("to secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating"); *McBride*, 826 F.3d at 296 ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force."). Supreme Court precedent requires Petitioner to present a "realistic probability, not a theoretical possibility" that a conviction under § 2119 could be sustained without demonstrating intentional threatened force. *See Gonzales v. Duenas-Alvarez*,

---

[3] Petitioner cites several cases, including *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996), for the proposition that carjacking can be committed by recklessly engaging in intimidation. (ECF No. 109 at 13.) However, the Fourth Circuit later clarified in *McNeal*, that "[a] fair reading of *Woodrup* does not compel that interpretation." 818 F.3d at 155. The Court noted that the question in *Woodrup* was whether bank robbery by intimidation requires a *specific* intent to intimidate. *Id.* The defendant clearly knew that his conduct was intimidating and thus the general intent requirement was satisfied. *Id.* As the *McNeal* court concluded, in *Woodrup* the court had "no occasion to consider whether bank robbery requires general intent (i.e., knowledge) with respect to intimidation." *Id.* The Supreme Court later ruled in *Carter v. United States*, 530 U.S. 255, 268 (2000) that only general intent – or knowledge – is required to sustain a conviction under § 2113. *Woodrup* therefore does not support Petitioner's argument that a defendant could be convicted of carjacking without general intent. Nor do any of the other cases cited by Petitioner suggest that carjacking could be accomplished with less than general intent – i.e. a negligent or reckless state of mind. *See United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993) ("The court should not instruct the jury on specific intent because the jury can infer the requisite criminal intent from the fact that the defendant took the property of another by force and violence, or intimidation.").

549 U.S. 183, 193 (2007). Petitioner has not done so here.

**D.    Carjacking under § 2119 is a Crime of Violence Under the § 924(c)(3) Force Clause**

This Court is compelled by the reasoning in *Wright* and *Selfa*, which remain good law, and is likewise persuaded by the Fourth Circuit's reasoning in *Evans* and the Eleventh Circuit's reasoning in *Smith*. Carjacking either by "force and violence" or by "intimidation" satisfies the requirement of § 924(c)(3)(A) that the underlying felony offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." For these reasons, the Court concludes that § 2119 is a crime of violence under the force clause of § 924(c)(3)(A) and that Petitioner's § 924(c)(1)(A) conviction was proper. Accordingly, because Petitioner's sentence is not unconstitutional, the Court need not address the Government's remaining arguments. The Court **DENIES** Petitioner's § 2255 motion.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted). The Court is also mindful of the "relatively low" threshold for granting a certificate of appealability. *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002).

Although the Court denies Petitioner's § 2255 motion on the merits, the Court concludes that reasonable jurists could find the Court's assessment of Petitioner's claims debatable and that the questions presented are adequate to proceed. Accordingly, the Court GRANTS Petitioner a certificate of appealability.

11

## VI. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner John Allen Newton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF Nos. 103, 109) is **DENIED**. However, the Court **GRANTS** to Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

Dated: **March 22, 2017**         /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE