UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ALLEN NEWTON,<br><br>Defendant. | Case No.  1:94-CR-05036-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. 122) |

John Allen Newton moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. 122).  Newton has now served more than 28 years in prison for two carjacking incidents in 1994.  He moves for a sentence reduction based on changes in federal law that shortened the mandatory minimum sentences for his crimes.  The government opposes the motion, (Doc. 126), and Newton has filed a reply.  (Doc. 127.)  For the reasons explained below, Newton's motion is **DENIED**.

**BACKGROUND**

In March 1994, a grand jury charged Newton with two counts of carjacking with serious bodily injury in violation of 18 U.S.C. § 2119(2) (Counts One and Three); two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two and Four); and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five).  After a jury found Newton guilty on all five counts, Newton was sentenced to 165 total months

for Counts One, Three, and Five, 60 months for Count Two, and 240 months for Count Four. Because the sentences for Counts Two and Four were to run concurrently to the sentences for Counts One, Three, and Five, Newton's total sentence amounted to 465 months' imprisonment. (Doc. 30.) Newton appealed his convictions unsuccessfully, *United States v. Newton*, 65 F.3d 810, 811 (9th Cir. 1995) (per curiam), and attempted several times to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docs. 58, 75, 99, 103.)

Newton filed the instant motion on November 24, 2021. (Doc. 122.) He is currently serving his sentence at U.S. Bureau of Prisons' ("BOP") FCI Mendota, a medium security correctional institution. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 29, 2022). Newton has an anticipated release date in 2028. *Id.*

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA") imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18

---

[1] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

        U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that –

        (i)     extraordinary and compelling reasons warrant such a reduction; or

        (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

     The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;[2] *see also United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions). However, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

     In the past, when moving for relief under 18 U.S.C. § 3582(c), courts recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See*

---

[2] The Sentencing Guidelines also require that to be granted a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

*United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).  Although the Ninth Circuit has not specifically addressed the question of which party bears the burden in the context of a motion for compassionate brought pursuant to § 3582(c) as amended by the FSA, district courts have agreed that the burden remains with the defendant.  *See, e.g.*, *United States v. Mathews*, 557 F.Supp.3d 1057, 1061 (E.D. Cal. 2021); *United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

To evaluate a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court must consider three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-CR-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 970 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in §3553(a)).

**A.    Administrative Exhaustion**

Section 3582(c)(1) permits a defendant to apply to a federal district court for sentence modification only "after the defendant has fully exhausted all administrative rights to appeal the failure of the BOP to bring a motion . . . or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  The parties agree that Newton has satisfied the administrative exhaustion requirement.  (Doc. 126 at 4.)  The Court will therefore address the merits of Newton's motion.

**B.      Extraordinary and Compelling Reasons**

In 2018, Congress passed the First Step Act, which significantly altered the sentencing scheme applicable to § 924(c) violations. Newton now argues that the change to § 924(c) sentencing law has created an extraordinary and compelling sentencing disparity that warrants relief. (Doc. 122 at 4–9.)

Prior to the FSA, prosecutors could "stack" multiple counts of § 924(c) firearms violations, which resulted in defendants without previous weapons convictions being charged for both a first offense—carrying a five-year mandatory minimum—and a "second or subsequent offense"—carrying a mandatory twenty- or twenty-five-year sentence, to be served consecutively—in the same indictment. *United States v. Jones*, 482 F. Supp. 3d 969, 978 (N.D. Cal. 2020) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993)). As such, someone convicted of two § 924(c) counts in a single offense automatically faced a minimum sentence of 25–30 years.

Section 403(a) of the FSA eliminated this practice by requiring the higher penalty only where a defendant is convicted of a § 924(c) violation after a previous § 924(c) conviction has become final. First Step Act, Pub. L. No. 115-391, Title IV, § 403, 132 Stat. 5221–22 (2018). The First Step Act now requires mandatory consecutive sentences of only 5–7 years for each § 924(c) count in the same indictment, with the two-year enhancement applicable to defendants who brandish their weapons. *Id*. Therefore, if Newton were sentenced today for his conduct, his sentence would likely be 15 years fewer than the 465 months he is currently serving. Newton asks the Court to find that the disparity between these sentences is an extraordinary and compelling reason for sentence modification under § 3582.

The government contests that the sentencing disparity caused by the FSA cannot justify relief because Congress did not make § 403's changes retroactive. (Doc. 126 at 5–9.) There is a split of authority on this question. Some courts express concern that granting a motion for sentence reduction under § 3582(c)(1)(A) based on changes to § 924(c) would "supplant the retroactivity determination of courts . . . for the retroactivity determination of Congress." *United States v. Andrews*, 480 F.Supp.3d 669 (E.D. Pa. 2020); *accord*, *e.g.*, *United States v. Fulcher*, No.

98-0119, 2020 WL 4547970, *2 (S.D. Ind. Aug. 5, 2020) ("If Congress intended to authorize courts to exercise discretion to apply [the First Step Act] retroactively to otherwise ineligible defendants, it would have included that amendment . . . [The defendant] may not use 18 U.S.C. § 3582(c)(1)(A)(i)'s 'extraordinary and compelling' provision as an end-around to achieve a result that Congress did not intend.")

Other courts, including many in California and in this district, have rejected this reasoning on the grounds that a statute's lack of retroactivity "does not prohibit the court from considering [] legislative change in deciding whether to reduce [a defendant's] sentence." *United States v. Parker*, No. 2:97-cr-202-TLN-EFP, 2021 WL 1966409 at *3 (E.D. Cal. May 17, 2021) (citing cases); *see also United States v. Smith*, 538 F. Supp. 3d 990, 1000 (E.D. Cal. 2021). As the Fourth Circuit explained in *United States v. McCoy*, "there is a significant difference between automatic vacatur and resentencing of an entire class of sentences—with its 'avalanche of applications and inevitable resentencings'—and allowing for the provision of individual relief in the most grievous cases." 981 F.3d 271, 286–87 (4th Cir. 2020) (quoting *United States v. Haynes*, 456 F. Supp. 3d 496, 516 (E.D.N.Y. 2020)). "[T]he very purpose of § 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is not a specific statute that already affords relief but 'extraordinary and compelling reasons' nevertheless justify a reduction." *Id*. at 287 (emphasis in original). The undersigned is persuaded by this reasoning and joins those other district courts in finding that the enactment of the First Step Act and its elimination of "stacked" sentences for multiple § 924(c) charges may constitute an extraordinary and compelling reason that weighs in favor of compassionate release in some particular cases.

Here, the 15-year sentencing disparity is significant. *United States v. Jones*, 482 F. Supp. 3d at 979 (noting the 15 year disparity between the defendant's sentence and the sentence that would have likely been imposed today); *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021) (reducing a 57-year sentence); *United States v. McPherson*, 454 F. Supp. 3d 1049, 1053 (W.D. Wash. 2020) (granting sentence reduction and release where defendant had served more than 26 years for "what is now probably a 17-year crime"); *United States v. Ngo*, No. 97-CR-3397-GPC, 2021 WL

778660, at *4 (S.D. Cal. Mar. 1, 2021) (a prison term 15 years longer than defendant would face if sentenced today constitutes an "extraordinary and compelling" reason for sentence reduction, particularly when combined with evidence of defendant's rehabilitation).

The disparity alone, however, is not sufficient to find extraordinary and compelling circumstances. Courts also consider factors such as the defendant's age at present and at the time of conviction, evidence of rehabilitation, and the percentage of the original sentence that a defendant has already served. *See United States v. Defendant(s)*, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020); *United States v. Smith*, 538 F. Supp. 3d 990 (E.D. Cal. 2021); *Maumau*, 2020 WL 806121, at *5.

Newton has served nearly 81.3% of his statutory term, (Docs. 126 at 5; 126-1 at 4), but he has not established that other factors support his release. Notably, Newton was 27 years old when he committed the carjackings for which he is imprisoned—hardly a youth—and he has submitted little evidence of rehabilitation. In fact, neither his motion nor his reply mentions his rehabilitation, leaving unchallenged the government's records that Newton has been sanctioned over 36 times while incarcerated. (Docs. 122, 127.) A letter provided by Newton in support of his motion describes classes he has taken while incarcerated, but it appears that he has not completed a course in more than four years, and he was unsuccessful at obtaining his GED. (Doc. 129 at 3.) Without further evidence, which Newton has the burden to provide, the Court cannot conclude that he is substantially rehabilitated enough to warrant relief. The Court therefore concludes that Newton has not met his burden of establishing extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A).

**C.   Consistency With the § 3553(a) Factors**

Because the pending motion fails to establish extraordinary and compelling reasons justifying compassionate release, the Court need not address whether any reduction in Defendant's sentence would be consistent with the sentencing factors set forth at 18 U.S.C. § 18 U.S.C. § 3553(a).

///

///

**CONCLUSION**

Accordingly:

1. Defendant Newton's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed November 24, 2021 (Doc. 122) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 1, 2022**

UNITED STATES DISTRICT JUDGE