# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN ALLEN NEWTON,<br><br>    Defendant. | No. 1:94-CR-05036 JLT 1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. 131) |

John Allen Newton is a federal prisoner moving for reconsideration of this Court's denial of his motion for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 131.) Newton filed for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on November 24, 2021. (Doc. 122.) The Court denied his motion, finding that although there was a disparity between Newton's sentence and the sentence he would receive if he were sentenced today, it was insufficient to establish extraordinary and compelling circumstances. (Doc. 130.) Newton filed the instant motion for reconsideration on February 23, 2024. (Doc. 131.) For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

In March 1994, a grand jury charged Newton with two counts of carjacking with serious bodily injury in violation of 18 U.S.C. § 2119(2) (Counts One and Three); two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two and Four);

1

1  and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count
2  Five). After a jury found Newton guilty on all five counts, Newton was sentenced to 165 total
3  months for Counts One, Three, and Five, 60 months for Count Two, and 240 months for Count
4  Four. Because the sentences for Counts Two and Four were to run concurrently to the sentences
5  for Counts One, Three, and Five, Newton's total sentence amounted to 465 months'
6  imprisonment. (Doc. 30.) Newton appealed his convictions unsuccessfully, United States v.
7  Newton, 65 F.3d 810, 811 (9th Cir. 1995) (per curiam), and attempted several times to vacate,
8  set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docs. 58, 75, 99, 103.)
9       Newton is currently incarcerated at PTC Oklahoma City. *Find an inmate*, FEDERAL
10 BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 5, 2024). His projected
11 release date is June 26, 2028. *Id*.

12 **LEGAL STANDARD**

13 **A.    Compassionate Release**

14      A court generally "may not modify a term of imprisonment once it has been imposed."
15 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment
16 of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may
17 not be modified by a district court except in limited circumstances."). Those limited
18 circumstances include compassionate release in extraordinary cases. *See United States v.*
19 *Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"),
20 imprisoned defendants may bring their own motions for compassionate release in the district
21 court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his
22 eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).
23      First, a defendant petitioning for compassionate release must exhaust administrative
24 remedies. Once they do so, courts consider whether "extraordinary and compelling reasons
25 warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must
26 consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.
27      Section 3582 further requires a reduction to be "consistent with applicable policy
28 statements issued by the Sentencing Commission." *Id*. New sentencing guidelines went into

1  effect on November 1, 2023. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). This court
2  refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*,
3  993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating that "[t]he Sentencing Commission's
4  statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A)
5  motions filed by a defendant, but they are not binding" regarding the previous policy statement
6  issued in 2006). The amendments contain six types of circumstances that may qualify as
7  "extraordinary and compelling." *Id*. These are 1) the medical circumstances of the defendant, 2)
8  the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant
9  was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6)
10 an unusually long sentence. USSG §1B1.13, p.s. (last amended Nov. 1, 2023).

If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**B.      Reconsideration**

Motions for reconsideration are allowed in criminal cases. *United States v. Jennings*, No. 1:17-CR-00155-NONE, 2021 WL 289390, at *1 (E.D. Cal. Jan. 28, 2021). Motions for reconsideration in criminal cases must demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i).

**ANALYSIS**

In the previous denial, the Court noted that Newton had not referenced any rehabilitation efforts. (Doc. 130 at 7.) Here, Newton moves for reconsideration citing his rehabilitation efforts. (Doc. 131 at 2-3.) However, despite Newton never affirmatively raising his rehabilitation efforts in his previous motion, the Court nonetheless considered his efforts up until the motion was filed and could not "conclude that he is substantially rehabilitated enough to warrant relief." (Doc. 130 at 7.) Since then, Newton has enrolled in a GED course and was on the waiting list to take his GED exam as of February 2023. (Doc. 131 at 2.) He also took seven classes in 2022 and one in 2021. (*Id*. at 7-9.) Though the Court recognizes Newton's renewed efforts, they do not rise to

3

the level of extraordinary and compelling and thus do not merit reconsideration of his motion.

Newton also argues that he "has a safe residence to return home to and a job offer once release[d]." (Doc. 131 at 2-3.) Like his renewed rehabilitation efforts, these do warrant reconsidering this Court's previous denial. Because Newton has failed to show that there are sufficient new or different facts or circumstances since the Court denied his motion to compel arbitration, his motion for reconsideration is also denied.

## CONCLUSION

For the reasons discussed above, Newton's Motion for Reconsideration, (Doc. 131), is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 28, 2024**

UNITED STATES DISTRICT JUDGE